**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAJAHN OMAR SHARIF, | : | |
| | : | Civil No. 08-1350 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| WARDEN PAUL SCHULTZ, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    RAJAHN OMAR SHARIF, Petitioner pro se
    #22667-050
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**KUGLER, District Judge**

    This matter is before the Court on the petition of Rajahn Omar Sharif ("Sharif") for habeas corpus relief under 28 U.S.C. § 2241. Sharif names the Warden of FCI Fairton, Paul Schultz, as a respondent. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

    The following facts are taken from the petition and its attachments, and are assumed true for purposes of this decision.

    On December 15, 1999, Sharif was convicted and sentenced in the United States District Court for the District of New Jersey

to serve a prison term of 270 months with three years supervised release.  Sharif was convicted by guilty plea for violation of the Hobbs Act under 18 U.S.C. § 1951 (robbery) and 18 U.S.C. § 924(c)(use or carry weapon).  He states that he appealed his conviction and/or sentence to the United States Court of Appeals for the Third Circuit.  The Third Circuit affirmed the sentence and conviction.  Sharif also states that he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  The sentencing court denied the § 2255 motion.  Sharif appealed and the Third Circuit affirmed the sentencing court's denial of the § 2255 motion.

In this habeas petition, Sharif complains that the sentencing court used an invalid parole revocation and simple possession to classify petitioner as a career offender, thus unlawfully enhancing his sentence.  Sharif states that he filed the appropriate administrative remedies with the Federal Bureau of Prisons ("FBOP").  On January 22, 2008, in response to Sharif's Central Office Administrative Remedy Appeal, the Administrator of National Inmate Appeals found:

> We have reviewed the judgment in case 2:99-CR-0525, imposed December 17, 1999 in the District of New Jersey, did not make any specific reference to your career offender status.  However, the court did state findings and guideline application of the Presentence Investigation Report were adopted as factual.  The PSIR indicates in paragraph 154 you qualify as a career offender because of your two prior felony convictions as either a crime of violence or involving controlled substances.  The court determined your criminal history points totaled 16 which in conjunction with

> your offense level, established your sentence range as 270 to 300 months.  The Court opted to impose a sentence at the bottom of the range.  Although, you appealed the sentence, the 3rd Circuit Court of Appeals affirmed it on January 30, 2001.

(January 22, 2008 Administrative Remedy No. 458788-A1 Response, Petition exhibit).

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's Claims

3

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

4

>   sentence to vacate, set aside or correct the
>   sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

>   An application for a writ of habeas corpus
>   [pursuant to 28 U.S.C. § 2241] in behalf of a
>   prisoner who is authorized to apply for
>   relief by motion pursuant to this section,
>   shall not be entertained if it appears that
>   the applicant has failed to apply for relief,
>   by motion, to the court which sentenced him,
>   or that such court has denied him relief,
>   unless it also appears that the remedy by
>   motion is inadequate or ineffective to test
>   the legality of his detention.

---

   [2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate

and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Sharif argues that the Dorsainvil exception should apply because he is innocent of the career offender classification.  To support this contention, Sharif merely alleges that his parole records were never located, and therefore, no parole revocation can be proven.  However, a claim of "actual innocence," as apparently alleged by Sharif,  relates to innocence in fact, not innocence based on a legal, procedural defect.[3]  A petitioner must present evidence of innocence so

---

[3] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he

compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing, and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Further, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case.  House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In this case, Sharif's claim of "actual innocence" is not based on any new or reliable evidence.  Rather, Sharif relies on the fact that his parole revocation records were not produced.  This argument does not demonstrate innocence in fact; rather, it is simply an allegation of procedural defect, which is not

---

makes a proper showing of actual innocence."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

sufficient to make a showing of actual innocence.  Therefore, Sharif has not demonstrated circumstances that would render § 2255 an inadequate or ineffective remedy.  Sharif cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  His claim of actual innocence is illusory.

Therefore, this Petition must be considered a second or successive motion under § 2255, which Sharif has not received authorization to file, and over which this Court lacks jurisdiction.[4]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Sharif an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Sharif in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Sharif has already had several opportunities to present proofs of his "actual innocence," namely, on direct appeal and in his § 2255 motion to vacate his sentence, and because Sharif fails to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it would not be in the interests of justice to transfer this Petition to the United States Court of Appeals for the Third Circuit.[5]  Accordingly, this Petition must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice for lack of jurisdiction.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: May 7, 2008

---

[5]  Furthermore, to the extent that Sharif may be attempting to challenge his sentence under United States v. Booker, 543 U.S. 220 (2005)(jury finding required for enhanced provisions under the Federal Sentencing Guidelines), such claim is likewise subject to dismissal.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005).  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).